IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK A. GADDIS,                )
                               )
        Petitioner,             )
                               )
                               )    CIV-15-395-HE
v.                             )
                               )
ROBERT PATTON, Director,       )
                               )
        Respondent.             )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has brought this action seeking habeas relief pursuant to 28 U.S.C. § 2254.[1] In his Amended Petition filed April 27, 2015, Petitioner purports to challenge his convictions entered in the District Court of Oklahoma County in 1995 pursuant to a guilty plea for possession of a firearm after former conviction of a felony ("AFCF"), distribution of controlled dangerous substance ("CDS"), possession of CDS with intent to distribute, possession of a firearm, maintaining a vehicle where CDS is kept, use of a communication device to sell drugs, murder in the first degree AFCF, conspiracy to commit

---

[1] In his initial Petition filed April 13, 2015, Petitioner purports to be seeking habeas relief "under 28 U.S.C. § 2241 to challenge the Department of Corrections' calculation and execution of that sentence." Petition (Doc. # 1), at 1. Because that pleading was not filed on the proper form, Petitioner was directed to file an amended petition on the proper form. Order to Cure Deficiency (Doc. # 5). On April 27, 2015, Petitioner filed an Amended Petition on the form for a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Amended Petition (Doc. # 8). In light of Petitioner's clarification of the relief he is seeking, the undersigned has considered his Amended Petition as a petition seeking relief only under 28 U.S.C. § 2254.

1

robbery AFCF, and burglary in the first degree AFCF.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed (1) for lack of jurisdiction and (2) as duplicative.

Petitioner states in the Amended Petition that he "[e]ntered a plea of guilty, with a plea agreement to the crime of count 1: Possession of a Firearm [and] sentenced to a term of (10) years imprisonment all under custody and control of the Oklahoma Department of Corrections. Defendant Mark Gaddis to serve his underlying sentence in a correctional facility outside of Oklahoma. [T]his term to be served concurrently with [sentences in] CF-93-4693, CF-93-2339 and CF-94-6068. I was told by my attorneys and state represented I would be out in 15 years if I took the plea agreement so I did what I was told."

In his only ground for habeas relief alleged in the Amended Petition, Petitioner has made the following brief, vague statement: "Follow the plea agreement (10) years

---

[2]Copies of judgments and sentences attached to the initial Petition reflect that (1) Petitioner was convicted on July 13, 1995, in the District Court of Oklahoma County, Case No. CF-94-4880, of the offense of possession of a firearm AFCF and sentenced to a 10-year term of imprisonment, to be served concurrently with sentences in Case Numbers CF-93-4693, CF-93-2339, and CF-94-6068; (2) Petitioner was convicted on July 13, 1995, in the District Court of Oklahoma County, Case No. CF-93-4693, of the offense of possession of a firearm AFCF and sentenced to a 10-year term of imprisonment, to be served concurrently with sentences in Case Numbers CF-93-4693, CF-93-2399, and CF-94-6068; (3) Petitioner was convicted on July 13, 1995, in the District Court of Oklahoma County, Case No. CF-93-2339, of the offenses of distribution of CDS AFCF (count 1), possession of CDS with intent to distribute AFCF (count 2), possession of a firearm while committing a felony AFCF (count 3), maintaining a vehicle where CDS is kept AFCF (count 6), and use of a communication device to sell drugs AFCF (count 9), and sentenced to a term of life imprisonment for the conviction in count 1 and a 25-year term of imprisonment for the conviction in count 2 (the remainder of the judgment and sentence in Case No. CF-93-2339 is missing).

imprisonment (and) statement of jail time that show I was in jail on one of the CF 94-6068." Amended Petition, at 6 (ECF page number 5). Petitioner states that he did not raise this issue (or these issues) in an appeal from the judgment of conviction because "I was sent out of state thinking I would be out in 10 years or 15 years and I couldn't read at the time and my attorneys wouldn't take my phone calls." Amended Petition, at 8 (ECF page number 7).

Regarding the issue of the timeliness of the Petition under 28 U.S.C. § 2244(d), Petitioner states: "I was sent out of state and I couldn't read and my attorneys stop taking my calls to take my plea of guilty or to make the DOC follow the plea agreement." Amended Petition, at 14 (ECF page number 13).

Petitioner attached to the initial Petition a copy of correspondence addressed to him, dated January 21, 2015, from Ms. Bliss, Oklahoma Department of Corrections' Interstate Compact Coordinator. In this letter, Ms. Bliss informed Petitioner, in pertinent part:

> You were sentenced in Oklahoma County in 1995 for eleven criminal offenses. All of the sentences you received were to be served concurrently. Six (6) of the sentences were 10 years, and were completed on January 28, 2002. Three (3) of the sentences were 25 years, and were completed on October 20, 2009. The two remaining sentences [in CF-]93-2339, Count I, Distribution of CDS AFCF, and [CF-]94-6068, Count 1, Murder in the 1st Degree AFCF, are "life" sentences, and you will continue to serve these sentences indefinitely.
> You are incorrect in your assumption that concurrent sentences all expire, or are completed, on the same date. "Concurrent" simply means that the sentences are served at the same time.
> Your statements concerning your belief that you were in jail when the murder, for which you received the life sentence, took place, have been previously addressed more than once. Once again, I am directing you to contact Oklahoma County authorities with your issues concerning sentencing; the

>Department of Corrections did not arrest you or sentence you for your crimes."

Petition, att. 1.

I. <u>Custody</u>

As Petitioner's own documentary evidence attached to his Amended Petition reflects, he is not in custody with respect to all but two of the convictions entered against him in Oklahoma County District Court in 1995. Title 28 U.S.C. § 2254 authorizes a federal court to consider a habeas petition brought by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County</u>, 411 U.S. 345, 351 (1973).

A habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 499. 491 (1989). In this case, Petitioner asserts that his convictions were entered in 1995, that he is serving only concurrent sentences, not consecutive sentences. The record shows that all but two of the sentences entered against him in 1995 have expired, and he is not in custody under those expired sentences.

Therefore, Petitioner may only challenge in his Petition the unexpired conviction and life sentence for distribution of CDS AFCF in Case No. CF-93-2399 and the unexpired conviction and life sentence for murder in the first degree AFCF in Case No. CF-94-6068.

4

See Garlotte v. Fordice, 515 U.S. 39, 41 (holding that "for purposes of habeas relief, consecutive sentences should be treated as a continuous series" such that a prisoner "remains 'in custody' under all of his sentences until all are served"); cf. Mays v. Dinwiddie, 580 F.3d 1136, 1137 (10th Cir. 2009)(holding Garlotte's continuous stream is not wide enough to cover a now-expired sentence that was imposed concurrently with sentences that a habeas petitioner continues to serve"). To the extent Petitioner seeks to challenge his remaining expired sentences, those claims are dismissed for lack of jurisdiction.

II. Duplicitous Petition

In another pending 28 U.S.C. § 2254 action pending in this Court, Petitioner has challenged the 1995 convictions and sentences entered in the District Court of Oklahoma County pursuant to his plea of guilty in Case No. CF-94-6068. Mark A. Gaddis v. Michael S. Richie, Case No. CIV-14-807-HE. In that action, United States District Judge Heaton referred the matter to United States Magistrate Judge Mitchell pursuant to 28 U.S.C. §636(b)(1)(B) for initial proceedings, and on March 30, 2015, Judge Mitchell entered a Report and Recommendation in the action. Judge Mitchell found that Petitioner pled guilty in Oklahoma County District Court to several counts, including (1) murder in the first degree AFCF, conspiracy to commit robbery AFCF, burglary in the first degree AFCF, and possession of a firearm AFCF, that Petitioner was sentenced for these convictions on July 13, 1995, and that he did not appeal. Petitioner later sought post-conviction relief in Oklahoma courts in 2009 and 2014.

Judge Mitchell found that Petitioner had alleged, *inter alia*, he was actually innocent

because of newly discovered evidence showing he was in jail at the time of the murder to which he pled guilty. Judge Mitchell found that under 28 U.S.C. §2244(d) and the "grace" period that applied to him, Petitioner had until April 24, 1997, to file his habeas petition, that Petitioner had not shown that either statutory or equitable tolling principles extended the limitations period, and therefore Petitioner's 28 U.S.C. § 2254 petition was time barred due to the expiration of the one-year limitations period. Mark A. Gaddis v. Michael S. Richie, Case No. CIV-14-807-HE (W.D. Okla. 2015)(Report and Recommendation, Mitchell, M.J.).

Although it is not at all clear from a careful review of both the initial Petition and the Amended Petition which of the convictions and sentences Petitioner is attempting to challenge herein, to the extent he is attempting to challenge the unexpired murder conviction and sentence entered in Case No. CF-94-6068, he has previously brought a § 2254 action in this Court challenging the same conviction and sentence he is seeking to challenge herein. With regard to the attempted challenge to the murder conviction entered in Case No. CF-94-6068 and life sentence entered therein, the instant habeas action is duplicitous, and the action should be dismissed.

III. Challenge to Unexpired Conviction and Life Sentence for Distribution of CDS AFCF in Case No. CF-93-2399

With respect to the only remaining unexpired conviction that Petitioner attempts to challenge herein, which is his conviction and life sentence for distribution of CDS AFCF entered in Case No. CF-93-2399, Petitioner has not stated a cogent claim for habeas relief in the Amended Petition, and any such claim would be time-barred by operation of 28 U.S.C.

6

§ 2244(d) and Hoggro v. Boone, 150 F.3d 1223, 1225-1226 (10th Cir. 1998)(holding prisoners whose time under 28 U.S.C. § 2244(d) had expired prior to the enactment of the Antiterrorism and Effective Death Penalty Act were entitled to an equitable "grace" period of one year from April 24, 1996, or until April 23, 1997, to file their federal habeas corpus petitions). Petitioner has not demonstrated that statutory tolling would extend the expiration of the limitations period for the filing of a habeas petition or that the Court should extend the limitations for equitable reasons, such as incompetence or actual innocence. Therefore, as the Amended Petition fails to assert a cogent claim for habeas relief and is time-barred, the Petition should be dismissed as to any habeas claims challenging Petitioner's remaining, unexpired conviction and sentence in Case No. CF-93-2399.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction, as duplicitous, for failure to state a cogent claim for habeas relief, and as time-barred. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ May 20th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed

7

waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___April___, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE